People v Vega (2024 NY Slip Op 03145)

People v Vega

2024 NY Slip Op 03145

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Ind. No. 937/21 Appeal No. 2472 Case No. 2022-02444 

[*1]The People of the State of New York, Respondent,
v
Yamill Omey Vega, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Amir H. Khedmati of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J., at second request for new counsel; Albert Lorenzo, J., at motion to controvert search warrant, first request for new counsel, plea, and sentencing), rendered May 24, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, followed by two years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his Second Amendment claim (see People v Johnson, 225 AD3d 453 [1st Dept 2024]). Moreover, defendant's claim is unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that on the present record, defendant has not demonstrated that he has standing to challenge New York's gun licensing scheme, or that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Castillo, 226 AD3d 573, 575 [1st Dept 2024]; Johnson, 225 AD3d at 455).
Defendant's valid waiver of his right to appeal also forecloses review of his challenges to the denials of his requests for new counsel, denial of his motion to controvert the warrant, and the excessiveness of his sentence. In any event, we reject the claims on the merits. The court properly summarily denied defendant's requests for new counsel, as defendant's conclusory allegations of dissatisfaction with counsel's performance and an alleged breakdown in communication did not amount to "specific factual allegations" of serious complaints that triggered the court's duty to conduct a "minimal inquiry" (People v Porto, 16 NY3d 93, 99-100 [2010]). Upon our in camera review of the warrant materials, including the unredacted search warrant and supporting affidavit, we find that there was probable cause for the issuance of the warrant to search defendant's car (see Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]). We perceive no basis for reducing defendant's sentence, including the two-year term of postrelease supervision.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024